UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

STEVEN SMITH,

                Plaintiff,

- against -

FRANCOIS THEBAUD, M.D.; JEAN LEOPOLD
EDWIN RENAUD, M.D.; ERIC DAVIS, M.D.;
AZEEM KHAWAJA, M.D.; RHODINA
WILLIAMS, M.D.; MOSES TAMBE, M.D.;
DAVID GREGORY ELLIS, M.D.; and
JENNIFER MITCHELL, M.D.,

                Defendants.

**ORDER**
06 CV 3740 (CBA)(LB)

-----------------------------------------------------------X

**BLOOM, United States Magistrate Judge:**

       Plaintiff, Steven Smith, brings this action alleging that while he was an inmate at Arthur Kill Correctional Facility ("Arthur Kill"), defendant doctors were deliberately indifferent to his medical needs by failing to properly diagnose and treat his cancer in violation of his rights under 42 U.S.C. § 1983. On September 12, 2008, defendants' counsel filed a Suggestion of Death on the record: Dr. Francois Thebaud died on August 25, 2008. Plaintiff did not move to substitute another party for Dr. Thebaud within the 90 day time period provided by Federal Rule of Civil Procedure 25(a)(1). By motion dated April 17, 2009, plaintiff requests an extension of time and to substitute the Public Administrator of Suffolk County for Dr. Thebaud. Defendants oppose plaintiff's motions.[1] For the following reasons, plaintiff's motions are granted.

---

[1] The Court assumes that the New York State Attorney General's Office has standing to oppose plaintiff's motions.

**BACKGROUND**

Plaintiff initiated this action *pro se* on July 28, 2006, alleging that defendants were deliberately indifferent to his medical needs by failing to properly diagnose and treat his cancer. Defendants, including Dr. Thebaud, answered plaintiff's complaint. On November 15, 2007, *pro bono* counsel appeared on plaintiff's behalf. Plaintiff, by counsel, filed an amended complaint, and thereafter, second and third amended complaints.[2]

After almost two years of litigation, defendants' counsel informed the Court on July 14, 2008 that because of a conflict of interest, Dr. Thebaud was being certified for representation by outside counsel pursuant to N.Y. Public Officers Law § 17 and that he had been instructed to find an attorney. Document 51. However, on August 25, 2008, before retaining outside counsel, Dr. Thebaud died. On September 12, 2008, defendants' counsel filed a Suggestion of Death on the record pursuant to Fed. R. Civ. P. 25(a)(1).

Prior to the expiration of the 90 day period for substitution, the Court held several status conferences. The parties and the Court discussed problems concerning substitution for Dr. Thebaud. Plaintiff's counsel stated that it could not locate a proper party to substitute for Dr. Thebaud because he died intestate, without an estate, and that no representative could be appointed. See Document 106 at 23 (December 2, 2008 Conference Transcript); Document 107 at 18 (September 24, 2008 Conference Transcript). At two of these conferences, an attorney, James Calamis, participated. He stated on the record that he did not represent Dr. Thebaud but was the Thebaud family attorney. Calamis confirmed that "the [Thebaud] family was not taking

---

[2] Plaintiff's third amended complaint was filed on December 2, 2008 and adds Dr. Jennifer Mitchell as a defendant. Defendants, with the exception of Dr. Thebaud, answered the third amended complaint on December 29, 2008.

any action either by way of probate or administration to have anybody appointed to Dr. Thebaud." Document 107 at 8 (September 24, 2008 Conference Transcript).

In support of the instant motions, plaintiff's counsel states that on April 15, 2009 he learned the Public Administrator of Suffolk County had been substituted for Dr. Thebaud on March 25, 2009 in <u>Goris v. Breslin</u>, No. 04-CV-05666 (E.D.N.Y.) (KAM)(LB).[3] Document 97 at 3. Accordingly, on April 17, 2009, plaintiff's counsel moved to extend the time and to substitute the Public Administrator of Suffolk County for Dr. Thebaud. Defendants oppose plaintiff's motions, and except for Dr. Thebaud, have moved for summary judgment. Defendants' motion for summary judgment is *sub judice*.

## DISCUSSION

Plaintiff's motions raise close and troublesome issues. Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Thus, if a motion for substitution is not made within the 90 day period following the service of a Suggestion of Death, the action must be dismissed against the decedent. Fed. R. Civ. P. 25(a)(1). "Notwithstanding the mandatory language in Rule 25(a), the district court has considerable

---

[3] Plaintiff Simon Goris, previously an inmate at Arthur Kill, alleges that Dr. Thebaud was deliberately indifferent to his medical needs. After Dr. Thebaud died, Goris' counsel requested two extensions of time for substitution and petitioned the Suffolk County Surrogate's Court to appoint a public administrator. On March 17, 2009, the Honorable John M. Czygier, Jr., Surrogate, issued a decree granting Temporary Letters of Administration "restricted and limited to the authority necessary to defend [Dr. Thebaud's] estate against lawsuits and seek indemnification from the State of New York, including the ability to retain counsel and to instruct the Attorney General's office to resume representation." Document 97 at 8.

3

discretion in addressing the timing of substitution in the event of the death of a party." <u>Jones Inlet Marina, Inc. v. Inglima</u>, 204 F.R.D. 238, 239 (E.D.N.Y. 2001). Here, the Office of the Attorney General of the State of New York filed a Suggestion of Death on September 12, 2008. Document 60. The 90 day period for substitution for Dr. Thebaud expired on December 11, 2008. Plaintiff's counsel did not file its motion to extend the deadline or for substitution until April 17, 2009, over four months after the expiration of the 90 day period.

Under Fed. R. Civ. P. 6(b), "[w]hen an act may or must be done within a specified time, the Court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." See <u>Kernisant v. City of New York</u>, 225 F.R.D. 422, 431 (E.D.N.Y. 2005) ("Federal Rule of Civil Procedure 6(b) is a rule of general application giving discretion to the trial courts to enlarge time limits either before or after they have expired.") (citing <u>Wesolek v. Canadair Ltd.</u>, 838 F.2d 55, 58 (2d Cir.1988)) "Excusable neglect is intended and has proven to be quite elastic in its application. In essence it is an equitable concept that must take account of all relevant circumstances of the party's failure to act within the required time." 4B Wright & Miller, Federal Practice and Procedure: Civil 3d § 1165 at 533-34 (3d ed. 2002). "Rule 6(b)(2) works in conjunction with Rule 25(a)(1) to provide the intended flexibility in enlarging the time for substitution." <u>Zeidman v. Gen. Accident Ins. Co.</u>, 122 F.R.D. 160, 161 (S.D.N.Y. 1988) (citation omitted).

The burden is on the movant to establish that the failure to timely act was the result of excusable neglect. <u>Yonofsky v. Wernick</u>, 362 F.Supp. 1005, 1012 (S.D.N.Y. 1973) "To demonstrate excusable neglect, the moving party has the burden of showing (1) a reasonable basis for noncompliance within the time specified, and (2) good faith." <u>Steward v. City of New York, et al.</u>, No. 04-CV-1508, 2007 WL 2693667, at *5 (E.D.N.Y. Sept. 10, 2007). "The

4

determination of whether a party's conduct constitutes 'excusable neglect' is an equitable one that requires a court to consider all relevant circumstances." Harp v. City of New York, No. 01 Civ. 6604, 2008 WL 2971702, at *2 (S.D.N.Y. July 31, 2008) (quoting In re Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 135 (2d Cir. 1998)).

Here, plaintiff's counsel argues that it has proffered a reasonable good faith basis for plaintiff's noncompliance within the 90 day period. It hired a firm of licensed private investigators who conducted a thorough search of public records in Suffolk County and nationwide to locate assets and identify potential distributees of Dr. Thebaud, but came up empty handed. Plaintiff's counsel further argues that because Dr. Thebaud died intestate and without an estate, there was no good faith basis upon which to seek appointment of a representative for Dr. Thebaud's estate or to seek an extension of the 90 day period under Rule 25(a). See Pl. Memo at 6-7. Defendants' counsel responds that plaintiff has "failed to put forward a reasonable basis for failing to substitute within the 90 day period" because it overlooked "an important and obvious asset to any successor in interest of Dr. Thebaud's, the right to indemnification under N.Y. Public Officer's Law § 17(3)." Defs. Opp. at 6.

The record reflects that plaintiff's counsel was aware of Dr. Thebaud's right to indemnification, but believed that it could not access this potential right because there was no proper substitute for Dr. Thebaud.

> **[Plaintiff's Counsel]:** Your Honor, we appear to have the one problem that is preventing – that we feel is preventing us from advancing any claims against Dr. Thebaud, is the requirement of the federal rules that we substitute a successor who is either the – is executor or a distributee of his estate. There was no will so there's no executor. There appears to be no estate so there is no –
>
> **The Court:** And what about the public administrator in the county where he died, or he lived.

5

> **[Plaintiff's Counsel]:** There is a procedure that we considered if we had been able to locate assets that appeared to have gone from him to a distributee. We could have attempted to force the issue by filing in state court to appoint – you know, have a representative appointed for the estate. But without any actual predicate for doing so, we couldn't have met the basic pleading requirements . . . We would like to access – we would very much like to continue our claims against Dr. Thebaud, even if there is no estate in order to access the potential right of indemnification. However, we appear to be stymied in our ability to do so by the restrictions the federal rules place on who exactly could be a stand-in for Dr. Thebaud.

Document 106 at 23-24, (December 2, 2009 Transcript).

Here, plaintiff's counsel struggled to find a proper substitute for Dr. Thebaud, and the proper course would have been to move to extend the time to substitute within the 90 days under Rule 25. See Zeidman, 122 F.R.D. at 162 ("[a]t the very least, due diligence would have required that plaintiff's counsel commence the process of obtaining an estate representative immediately upon the service of defendant's motion to dismiss.") However, in the cases within this Circuit where substitution has been denied, and claims dismissed as a result, it was plaintiff who had died and plaintiff's counsel's failure to timely move to substitute or seek an enlargement was inexcusable. Id.; see also Steward, 2007 WL 2693667 at *5, n. 5 (noting the importance of a prompt application for an appointment of an administrator even where complicated circumstances exist); Harp, 2008 WL 2971702, at *2 (decedent's attorney could have at the very least advised the Court of the difficulty of appointing an administrator and requested an extension of time to substitute); Billino v. Citibank, N.A., No. 94-CV-3231, 1996 WL 1088925, (E.D.N.Y. Sept. 10, 1996) (eight month delay after the expiration of the 90 day period too long); compare with Kernisant, 225 F.R.D. 422 (E.D.N.Y. 2005) ("almost immediately after learning about Plaintiff's death, counsel made every possible effort . . . to complete the appointment of an Administrator in the most expeditious manner) (internal quotations omitted); see also George v.

U.S., 208 F.R.D. 29 (D. Conn. 2001) ("delay was not due to inaction on the part of plaintiff's counsel").

"[T]he history of Rule 25 makes clear that the 90-day period was not intended to act as a bar to otherwise meritorious actions." Billino, 1996 WL 1088925, at *2 (citations omitted). In fact, Rule 25 previously afforded a two year period for substitution. See Kernisant, 225 F.R.D. at 431, n. 12 ("[b]efore the 1963 amendment to Fed. R. Civ. P. 25, a court was required to dismiss a case if no motion for substitution was filed within two years after the date of death") (citing Advisory Committee Notes to Fed. R. Civ. P. 25(a)). Here, defendants never moved to dismiss plaintiff's claim against Thebaud after the 90 day period expired. Moreover, denying plaintiff's motions would work a substantial injustice in this case. See Defs. Opp. at 6. (denying plaintiff's instant motions would eliminate the possibility of an "obvious asset to any successor in interest of Dr. Thebaud's, the right to indemnification under N.Y. Public Officer's Law § 17(3).").

Moreover, the equities favor granting plaintiff's motions. First, "[d]efendants do not dispute that Mr. Smith's claim against Dr. Thebaud was not extinguished upon his death or that the Public Administrator is the proper party to substitute for Dr. Thebaud." Pl. Reply at 2. Second, there is no evidence that plaintiff's counsel acted in bad faith in seeking the extension to substitute under Rule 25. Third, defendants will suffer little or no prejudice as a result of the delay.

Defendants argue that the substitution of a public administrator will result in "protracting the litigation and delaying resolution of their summary judgment motion." Defs. Opp. at 8. However, any potential delay will be limited and would have likely occurred even if plaintiff had moved to substitute within the 90 day period. Moreover, defendants shoulder some of the cause of the delay in this action. The Office of the Attorney General certified Dr. Thebaud for outside

7

counsel two years after plaintiff commenced this action. Defendants' counsel proposed February 2, 2009 as the new discovery deadline to reflect "an estimation of the time needed for Dr. Thebaud to obtain a new attorney and for the attorney to become familiar with the case." Document 51. Thus, defendants' argument that allowing substitution for Dr. Thebaud will protract the litigation and cause prejudice is unavailing.

Defendants also argue that they would be prejudiced by substitution now because "their litigation strategy was revealed to plaintiff in the served summary judgment motion and plaintiff may be able to conduct his own additional discovery, under the rubric of responding to the Public Administrator's discovery, to shore up weaknesses in his case identified in the motion." Defs. Opp. at 10. However, the Court's concern here is to do justice, not to defer to a party's litigation strategy.

If the Court reopens discovery, both plaintiff and defendants would have an equal opportunity "to shore up [the] weaknesses" in their cases. In the alternative, defendants request that if substitution is permitted, plaintiff should be prohibited from taking additional discovery and defendants should be allowed to supplement its summary judgment motion, stating these protections "will alleviate some of the prejudice to defendants." Defs. Opp. at 11. These issues can be addressed at a later time.

## CONCLUSION

Accordingly, the Court grants plaintiff's motions. The Public Administrator of Suffolk County is hereby substituted for Dr. Thebaud. Plaintiff's counsel shall immediately take the necessary steps to notify the Public Administrator of this Order. The Court shall hold a status conference in this action on August 13, 2009 at 2:00 p.m. in Courtroom 11A. Plaintiff's counsel

shall make the Public Administrator aware of the Court conference and try to ensure that counsel for the Public Administrator attends the conference.

SO ORDERED.

/S/_____
LOIS BLOOM
United States Magistrate Judge

Dated: June 30, 2009
      Brooklyn, New York